

U.S. Department of Justice

**Leah B. Foley**
United States Attorney
District of Massachusetts

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

December 9, 2025

Thomas Ambrosio, Esq.
750 Valley Brook Avenue
Lyndhurst, NJ 07071

Harley D. Breite, Esq.
331 Straight Street
Paterson, NJ 07501

    Re:    United States v. Edward Kay
             Criminal No. 25-cr-10453-JEK

Dear Mr. Ambrosio and Mr. Breite:

    The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Edward Kay ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

    1.    <u>Change of Plea</u>

    No later than December 17, 2025, Defendant will waive Indictment and plead guilty to count one of the Information: Cyberstalking, in violation of 18 U.S.C. § 2261A(2)(B). Defendant admits that Defendant committed the crime specified in this count and is in fact guilty.

    2.    <u>Penalties</u>

    Defendant faces the following maximum penalties for Count One: incarceration for 5 years; supervised release for 3 years; a fine of $250,000; a mandatory special assessment of $100; and restitution.

    3.    <u>Sentencing Guidelines</u>

    The U.S. Attorney agrees, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 17:

   a) Defendant's base offense level is 18 (USSG § 2A6.2(a));

   b) Defendant's offense level is increased by 2, because the offense involved a pattern of activity (USSG § 2A6.2(b)(1)(E)); and

   c) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crime (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence to the Court:

   a) incarceration within the Guidelines sentencing range as calculated by the U.S. Attorney in Paragraph 3;

   b) a fine within the Guidelines sentencing range as calculated by the U.S. Attorney in Paragraph 3, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

   c) 36 months of supervised release;

   d) a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court by the date of sentencing; and

   e) restitution in an amount to be determined at sentencing.

Further, the parties agree to recommend the following conditions of supervised release, in

addition to standard conditions of release and any additional conditions the Court or the Probation Office deem appropriate:

a) Defendant must divest ownership of his firearms as required by law, and must not sell, or transfer ownership of, the firearms to a person residing in his household;

b) Defendant must participate in a mental health treatment program as directed by the Probation Office;

c) Defendant must take all medications as directed by his mental health treatment provider;

d) Defendant shall not knowingly have any contact, either direct or indirect, with the victim or any member of the victim's immediate family, to include the victim's parents, spouse, and child;

e) Defendant shall not travel to, or through, Massachusetts for any purpose, other than to attend court proceedings relating to this case, without the prior permission of the Court;

f) Defendant must allow the installation of computer internet monitoring software on approved internet capable devices, but may still use a computer for work purposes that has been previously approved by the Probation Office. The program(s) used will be designed to identify, for the Probation Office, the viewing, downloading, uploading, transmitting, or otherwise using any images or content of a sexual, harassing, stalking, or inappropriate nature. Defendant must not attempt to remove or otherwise defeat such systems, and must allow the Probation Office to examine such computer and receive data from it at any reasonable time;

g) Defendant must disclose all account information relative to internet access, social networking, and email, including usernames and passwords, to the Probation Office. Defendant must also, if requested, provide a list of all software/hardware on Defendant's computer, as well as telephone, cable, or internet service provider billing records and any other information deemed necessary by the Probation Office to monitor Defendant's computer usage and compliance with these conditions of release; and

h) Defendant must not possess or use any computer or internet-capable device without prior approval from the Probation Office.

Defendant agrees that all criminal monetary penalties, including special assessment, restitution, forfeiture, and/or fine imposed shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States.

5.    <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) Defendant will not challenge Defendant's <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence, regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

6.    <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

7.    <u>Breach of Plea Agreement</u>

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to

4

withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

8. Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

9. Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\* \* \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Allegra K. Flamm.

Sincerely,

LEAH B. FOLEY
United States Attorney

By: _____
ANNE PARUTI
Chief, Major Crimes Unit
MARK GRADY
Deputy Chief, Major Crimes Unit

_____
ALLEGRA K. FLAMM
Assistant U.S. Attorney

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense. I believe this Agreement is in my best interest.

_____
Edward Kay
Defendant

Date: 12/21/25

I certify that Edward Kay has read this Agreement and that we have discussed what it means. I believe Edward Kay understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
Thomas Ambrosio
Attorney for Defendant

Date: 12-21-2025